IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FRANKLIN C. WOLFE, JR,

v.   Civil Case No. MJG-17-3259

COMMISSIONER, SOCIAL SECURITY
ADMINISTRATION,[1]

## REPORT AND RECOMMENDATIONS

Pursuant to Standing Order 2014-01, the above-captioned case has been referred to me to review the parties' dispositive motions and to make recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix). ECF 5. I have considered the parties' cross-motions for summary judgment and the related filings. ECF 17, 18, 19. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I recommend that the Court deny both motions, reverse the judgment of the Social Security Administration ("SSA"), and remand the case to the SSA for further analysis pursuant to sentence four of 42 U.S.C. § 405(g).

Mr. Wolfe filed his claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") on December 4, 2012, alleging a disability onset date of November 27, 2012. (Tr. 239-47, 248-51). His claims were denied initially and on reconsideration. (Tr. 87-102, 105-22). On May 4, 2016, a hearing was held before an Administrative Law Judge

---

[1] Currently, the position of Commissioner of the Social Security Administration is vacant, and most duties are fulfilled by Nancy A. Berryhill, Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security.

("ALJ"). (Tr. 41-86). Following the hearing, the ALJ determined that Mr. Wolfe was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 18-40). The Appeals Council denied Mr. Wolfe's request for review, (Tr. 4-10), so the ALJ's 2016 decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Mr. Wolfe suffered from the severe impairments of "lumbar degenerative disc disease; occipital neuralgia; chronic pain syndrome; diabetes mellitus type II; obstructive sleep apnea; major depressive disorder; generalized anxiety disorder; post-traumatic stress disorder ('PTSD'); right carpal tunnel syndrome; right elbow bursitis and partial tear of the common extensor tendon; and obesity[.]" (Tr. 23). Despite these impairments, the ALJ determined that Mr. Wolfe retained the residual functional capacity ("RFC") to

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that he can never climb ladders or scaffolds, and can occasionally climb ramps and stairs. He can occasionally stoop, kneel, crouch, crawl, and balance. He can have no exposure to hazards such as unprotected heights or moving mechanical parts. He can frequently reach, handle, and finger with the upper extremities. He is limited to performing simple, routine, and repetitive tasks, but can apply common-sense understanding to carry out detailed but uninvolved instructions and deal with problems involving a few concrete variables in or from standardized situations. He is limited to making simple work-related decisions, with only occasional changes in the routine work setting. He can have occasional interactions with supervisors, coworkers, and the public. Any time off task during the workday can be accommodated by normal breaks.

(Tr. 27). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Wolfe could perform jobs existing in significant numbers in the national economy, and that, therefore, he was not disabled. (Tr. 33-34).

Mr. Wolfe raises three arguments on appeal, including that the ALJ erroneously: (1) assessed his RFC in violation of *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015), Pl.'s Mem. 3-5; (2) failed to include Mr. Wolfe's moderate limitations in social functioning and concentration, persistence, or pace in the hypothetical he posed to the VE, *id.* at 5-7; and (3) to failed to assign

2

proper weight to the opinions of Mr. Wolfe's treating physicians, *id.* at 7-9. Mr. Wolfe's first argument is dispositive.

**DISCUSSION**

Mr. Wolfe first argues that the ALJ erred by failing to include his moderate limitations with regard to concentration, persistence, or pace in the RFC assessment, in violation of *Mascio*. *Id.* at 3-5. In *Mascio*, the United States Court of Appeals for the Fourth Circuit determined that remand was appropriate for three distinct reasons, including, as pertinent to this case, the inadequacy of the ALJ's evaluation of "moderate difficulties" in concentration, persistence, or pace. 780 F.3d at 638. At step three of the sequential evaluation, the ALJ determines whether a claimant's impairments meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Listings 12.00 *et. seq.*, pertain to mental impairments. 20 C.F.R. Pt. 404, Subpt. P, App'x 1 § 12.00. The relevant listings therein consist of: (1) a brief statement describing a subject disorder; (2) "paragraph A criteria," which consists of a set of medical findings; and (3) "paragraph B criteria," which consists of a set of impairment-related functional limitations. *Id*. § 12.00(A). If both the paragraph A criteria and the paragraph B criteria are satisfied, the ALJ will determine that the claimant meets the listed impairment. *Id*.

Paragraph B consists of four broad functional areas: (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation. The ALJ employs the "special technique" to rate a claimant's degree of limitation in each area, based on the extent to which the claimant's impairment "interferes with [the claimant's] ability to function independently, appropriately, effectively, and on a sustained basis." 20 C.F.R. § 404.1520a(c)(2). The ALJ uses a five-point scale to rate a claimant's degree of limitation in the first three areas: none, mild, moderate, marked, or extreme. *Id*. § 404.1520a(c)(4). In order to

satisfy paragraph B, a claimant must exhibit either "marked" limitations in two of the first three areas, or "marked" limitation in one of the first three areas with repeated episodes of decompensation. *See, e.g.*, 20 C.F.R. Pt. 404, Subpt. P, App'x 1 § 12.02. Marked limitations "may arise when several activities or functions are impaired, or even when only one is impaired, as long as the degree of limitation is such as to interfere seriously with [the claimant's] ability to function." *Id*. § 12.00(C).

The functional area of "concentration, persistence, or pace refers to the ability to sustain focused attention and concentration sufficiently long to permit the timely and appropriate completion of tasks commonly found in work settings." *Id*. § 12.00(C)(3). Social Security regulations do not define limitations in concentration, persistence, or pace "by a specific number of tasks that [a claimant is] unable to complete." *Id*. Further, the regulations offer little guidance on the meaning of "moderate" limitations.

The Fourth Circuit remanded *Mascio* because the hypothetical the ALJ posed to the VE—and the corresponding RFC assessment—did not include any mental limitations other than unskilled work, despite the fact that, at step three of the sequential evaluation, the ALJ determined that the claimant had moderate difficulties in maintaining concentration, persistence, or pace. 780 F.3d at 637-38. The Fourth Circuit specifically held that it "agree[s] with other circuits that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." *Id*. at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)) (internal quotation marks omitted). In so holding, the Fourth Circuit emphasized the distinction between the ability to perform simple tasks and the ability to stay on task, stating that "[o]nly the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id*.

4

Although the Fourth Circuit noted that the ALJ's error might have been cured by an explanation as to why the claimant's moderate difficulties in concentration, persistence, or pace did not translate into a limitation in the claimant's RFC, it held that absent such an explanation, remand was necessary. *Id*.

In the instant case, the ALJ found that Mr. Wolfe had moderate difficulties maintaining concentration, persistence, or pace. (Tr. 26). The ALJ's analysis stated that Mr. Wolfe:

> reported that he can pay bills, count change, and handle a bank account. He does not need reminders. He attended school until the eleventh grade and stated he became bored with school. He later obtained his GED and attended college classes. He stated he finishes what he starts and follows instructions very well. Overall, these factors are consistent with moderate limitation in this area.

*Id.* (citations omitted). According to 20 C.F.R. § 404.1520a(c)(2), the rating of "moderate difficulties" is supposed to represent the result of application of the following technique:

> We will rate the degree of your functional limitation based on the extent to which your impairment(s) interferes with your ability to function independently, appropriately, effectively, and on a sustained basis. Thus, we will consider such factors as the quality and level of your overall functional performance, any episodic limitations, the amount of supervision or assistance you require, and the settings in which you are able to function.

20 C.F.R. § 404.1520a(c)(2). Once the technique has been applied, the ALJ is supposed to include the results in the opinion as follows:

> At the administrative law judge hearing and Appeals Council levels, the written decision must incorporate the pertinent findings and conclusions based on the technique. The decision must show the significant history, including examination and laboratory findings, and the functional limitations that were considered in reaching a conclusion about the severity of the mental impairment(s). The decision must include a specific finding as to the degree of limitation in each of the functional areas described in paragraph (c) of this section.

*Id.* § 404.1520a(e)(4). The cursory analysis provided by the ALJ in Mr. Wolfe's case fails to fulfill these requirements. *Id.* § 404.1520a(e)(4). In fact, each sentence in the ALJ's analysis suggests little or no limitation. Without further explanation, I am unable to ascertain whether the

5

ALJ truly believed Mr. Wolfe to have moderate difficulties in concentration, persistence, and pace, instead of mild or no difficulties. Moreover, without understanding the basis for the ALJ's finding of a "moderate limitation," I cannot review whether that limitation is adequately addressed by the RFC. The ALJ does not assess Mr. Wolfe's pace or his ability to sustain work over an eight-hour workday, outside of the unexplained observation that "normal breaks" will accommodate his time off task. In light of this inadequacy, I recommend remand of the case to the SSA for further analysis consistent with the Fourth Circuit's mandate in *Mascio*. On remand, the ALJ should provide adequate explanation of how Mr. Wolfe's RFC assessment accounts for his "moderate difficulties" in concentration, persistence, or pace or, alternatively, why his moderate difficulties at step three of the sequential process do not translate into a limitation in his RFC. In so recommending, I express no opinion as to whether the ALJ's ultimate conclusion that Mr. Wolfe is not entitled to benefits is correct.

Mr. Wolfe also argues that the ALJ erred by failing to: (1) include Mr. Wolfe's moderate limitations in social functioning and concentration, persistence, or pace in the hypothetical he posed to the VE, *id.* at 5-7; and (2) assign proper weight to the opinions of Mr. Wolfe's treating physicians, *id.* at 7-9. If the case is remanded, the ALJ should review the record and, if needed, should correct any deficiencies in those areas.

**CONCLUSION**

For the reasons set forth above, I respectfully recommend that:

1. the Court DENY Defendant's Motion for Summary Judgment (ECF No. 18);

2. the Court DENY Plaintiff's Motion for Summary Judgment (ECF No. 17);

3. the Court REVERSE IN PART due to inadequate analysis the SSA's judgment pursuant to sentence four of 42 U.S.C. § 405(g);

4. the Court REMAND this case for further proceedings in accordance with this opinion; and

5. the Court close this case.

Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 301.5(b).

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.

Dated: August 23, 2018

/s/
Stephanie A. Gallagher
United States Magistrate Judge